**Richmond.**

GREEN, TRUSTEE, &C. V. SPAULDING, &C.

April 20, 1882.

1. EQUITABLE JURISDICTION—*Fraud.*—Even where fraud is charged, there is no ground for a resort to a court of equity, where a party can have as complete, effectual, direct, certain and adequate remedy in the courts of common law.

2. IDEM.—*Remedy at law.*—A fi. fa. creditor ordered levy on goods in a store kept by the debtor, who claimed that he held the goods under his father's will, as trustee for his wife and children. Sheriff demanded an indemnifying bond, which was denied by creditor, who filed his bill that the claim of debtor to be acting as trustee, &c., was a fraud ; that the store and goods were debtor's individual property, and liable to the lien of his fi. fa. ; and asked for an injunction and a receiver to prevent waste thereof by debtor.

HELD :
   The bill presents no case for equitable jurisdiction.

3. IDEM.—Circumstances under which bill alleging fraud and asking for a receiver and an injunction, will not be entertained.

Appeal from decree of circuit court of Charlotte county in suit of T. E. Spaulding, for W. H. Pettus, suing for himself and other creditors of William E. Green against William E. Green individually and as trustee under the will of William B. Green, deceased ; Jennie E. Green, his wife, Booker Green, John Friend and Jennie, his wife; C. R. Green, Baylor Green, Edward H. Green, Kenzie Green, J. C. Green, Berryman Green, Hunter Green, Katie Green and Shepherd Green. To the bill the defendants filed their demurrer and answers. The court overruled the demurrer, and on the answers and the evidence entered its decree in favor of the plaintiff. The facts are sufficiently stated in the opinion of the court.

*J. R. Watkins,* for appellant.

1. It was error to overrule the demurrer. The bill asseverated that the goods were the individual property of William E. Green; if so, the intervention of a court of equity was not necessary to the levy of his execution upon them. It is true, it also alleged that Green "falsely and fraudulently pretended" that the goods were trust property; but that allegation could not give jurisdiction. The remedy at law is adequate. *Penn* v. *Whitehead,* 12 Gratt. 74, affords no authority for this bill.

2. It contains no allegation to justify the appointment of a receiver.

3. The decree was wrong on the merits. The charge of fraud is unsustained by proof.

*T. N. Jones,* for appellee.

1. The bill distinctly charged fraud in the language of the statute. *Wampler* v. *Wampler,* 30 Gratt. 458–9.

2. But there is another ground of jurisdiction: "the necessity of taking accounts, settlement of trustee, and matters of discovery," &c. *Coffman* v. *Sangston,* 21 Gratt. 263; 19 Gratt. 62; 31 Gratt. 2–12.

3. And yet a third ground. In *Penn* v. *Whitehead,* 12 Gratt. 74, Moncure, P., said: "The appellants having acquired by execution a right to have satisfaction out of the debtor's property, *specially* is entitled to come into equity to impeach the arrangement in question (husband trading as agent for wife) on the ground of fraud."

4. Appellants complain only of the decree of March 29, 1880. There was no receiver appointed by that decree.

5. He then proceeds to discuss the merits.

STAPLES, J., delivered the opinion of the court.

The first question we have to decide in this case is one of jurisdiction. It is averred in the bill that the appellee had obtained a judgment against William E. Green in the year 1876, and that he had issued an execution thereon, which was returned by order of the plaintiff's counsel. That for about two years prior to the 1st of September, 1878, Green was engaged in the mercantile business in connection with G. N. Goode, and after some other averments with reference to the manner in which the business was conducted, not necessary to be noticed here, the bill proceeds as follows:

"And further, that when said concern of 'Goode & Green' dissolved on September the first, 1878, the said Green purchased and became the owner of the entire interest of the said Goode, in their stock, choses in action, &c., all of which your complainant charges is the individual property of William E. Green, and is liable for the payment of his debts.

"Your complainant further charges and believes that the said William E. Green is at this time really and in fact doing business in his own right. Yet he pretends and asserts that the business is carried on by himself only as trustee for his wife and children under the will of his father, the late William B. Green.

"This, your complainant charges, is nothing more nor less than a fraud, a pretense, a device to delay, hinder and defraud his creditors.

"The said William E. Green is assessed by the commissioner of the revenue as trading and doing business in his own name and right, and the said Green, under said assessment, has his merchants' license tax, and it so appears on the books of the treasurer of Charlotte—William E. Green,

merchant. That since the 1st of September, 1878, this business has been conducted solely by the said William E. Green, and his two minor sons, Isaac C. Green and Berryman Green; the said William E. Green thus furnishing all the labor and skill used in carrying on the said business, for which he is entitled to receive just and fair compensation, to which the plaintiff is entitled by reason of the said execution and lien thereof, and has been a source of great profit to the said William E. Green, and he has now quite a large stock of goods, accounts due, &c.

"Your complainant would further show that while the said William E. Green pretends that he is doing business for and as trustee for his wife and children, he has never disclosed, advertised or published, nor has he by sign or otherwise made known the name of his principal or *cestui que trust*, as the statute of Virginia requires.

"Your complainant has had issued from the clerk's office of the circuit court of Charlotte on this judgment aforesaid a second execution, which came to the officer's hands on the 24th day of July, 1879, which has been duly levied by the sheriff, and which is a valid and subsisting lien on all of the goods, choses in action, &c., of the said William E. Green, and should be satisfied out of the same in full, for no part of your complainant's claim has ever been paid, and the whole, together with interest accrued thereon, and cost, is still due.

"That the said William E. Green has nothing out of which your complainant's execution can be made, except the stock of goods, choses in action, &c., aforesaid."

The bill concludes with a prayer for the appointment of a receiver to take charge of the goods; that all proper accounts be taken, and that the assets of the said Green be subjected to the payment of the appellee's debt.

From the foregoing statement it will be perceived that the gravamen of the bill is that William E. Green was the in-

dividual owner of the stock of goods levied upon by the appellee's execution, and that the appellee is entitled to a decree for the sale of the same. It is very true there is an allegation that since the 1st of September, 1878, the business had been conducted by William E. Green and his two minor sons, the former furnishing all the labor and skill used in carrying on the business, for which he is entitled to receive a just and fair compensation, to which the appellee is entitled by reason of his execution and lien thereof, and has been a source of great profit to the said William E. Green.

This allegation has naught of harmony or congruity with the main purpose and scope of the bill; for there is no alternative averment that Mrs. Green and her children, or, indeed, that any other persons, save William E. Green, have any interest in the goods in question. He, and he only, is charged with being purchaser and owner, and against him the appellee had acquired a lien by the levy of his execution. It was, therefore, a very useless averment to allege that William E. Green is entitled to a just and fair compensation for his labor and skill in carrying on his own business and in the sale of his own property.

Such an averment, so made, cannot make the bill different, from what it actually is—an application to a court of equity for a decree to enforce the lien of an execution upon the personal effects of the debtor. It appears from a copy of the execution filed with the bill, that after the levy an indemnifying bond had been required by the sheriff and not given. It will not be maintained that the requirement of an indemnifying bond by the collecting officer presents any just ground for a resort to a court of equity. If such was the law, every case in which there is a doubt about the title to property levied upon might be made the subject of equitable jurisdiction.

It was quite as easy for the appellee to give the indemnifying bond, as the injunction bond given by him. No defect of testimony is alleged. No appeal to the answer of the defendant is made, or necessity for a discovery alleged. On the contrary, the appellee shows he is fullhanded with proof of his case. It is very true the appointment of a receiver and an injunction are asked for to prevent the removal and waste of goods, but these are mere auxiliary measures of relief, and do not of themselves constitute a ground for equitable jurisdiction, for had the appellee given the indemnifying bond, the goods would at once have been seized by the sheriff, and every possibility of waste or alienation prevented.

The only ground upon which it is seriously attempted to maintain the equity jurisdiction, is the averment "that William E. Green pretends that the business is carried on by himself only as trustee for his wife and children under the will of his father, which, as complainant charges, is nothing more nor less than a fraud, a device to delay, hinder and defraud his creditors." It is said this makes a case of fraud of which courts of equity have concurrent jurisdiction with courts of law. According to this idea, if a debtor having property liable to seizure and sale under an execution, falsely and fraudulently pretends it belongs to a third person, the creditor may invoke the jurisdiction of equity to decree a sale in his favor. If A has an execution against B, who is engaged in merchandizing, and the execution is levied on the goods of B, and the latter fraudulently pretends the goods belong to his wife and children, he may apply to a court of equity for relief based upon an allegation of B's fraudulent pretense. Upon the same idea a bill in equity would lie upon an allegation of fraudulent warranty in the sale of a horse, or to recover damages for deceit or for fraudulent representations concerning any real or personal property.

It is very true that to give relief in cases of fraud is one of the elementary grounds of jurisdiction of courts of equity.   I do not understand, however, it is thereby meant that this jurisdiction extends to all possible cases in which the commission of a fraud may be involved.   Where the party can have as effectual and complete a remedy in the courts of common law as in equity, and that remedy is direct, certain and adequate, there can be no just ground for a resort to the equitable forum.   The remedy must be plain, for if it be doubtful and obscure at law, equity will assert a jurisdiction.   It must be adequate, for if at law it falls short of what the party is entitled to, that founds a jurisdiction in equity.   And it must be complete; that is, it must attain the full end and justice of the case.   1 Story E. J. § 33.

But where all these elements combine, a party cannot transfer to the equitable forum the adjudication of a mere legal controversy upon a simple allegation of fraud.   3 Wait's Action and Defences, 684, 755.

In *Harvey* v. *Fox*, 5 Leigh, 444, the creditor having been sued at law upon his indemnifying bond by a claimant of the property, filed his bill in equity impeaching the deed as fraudulent under which the claimant derived title ; this court held that, as the matter alleged in the bill would have been available as a defence at law against the action on the indemnifying bond, a court of equity has no jurisdiction.   In the course of his opinion, Judge Brockenbrough said : "It is readily admitted that fraud is a clear and uncontested subject of jurisdiction for a court of equity, but it is also true, that in many cases it is equally within the jurisdiction of the courts of law, and according to the decisions of this court, as I apprehend them, where 'a party, whether plaintiff or defendant, is fairly before a court of law, which can give him adequate redress, or enable him to make full defence, he shall not be at liberty to transfer

his cause to a different forum." And in this general view the other judges concurred, although delivering separate opinions.

It was also said in that case that if the creditor had not elected to indemnify the sheriff in selling the goods, he might then have resorted to equity to remove the deed out of the way of his execution. And this may always be done. The existence of the fraudulent deed and its vacation constitute a distinct ground of equitable jurisdiction. In the case before us, no such ground exists. There is no deed to be vacated, no impediment to be removed out of the way. Upon the theory of the appellee, that the goods in question belong to William E. Green, they had a plain, adequate remedy in a sale under the execution.

My opinion, therefore, is that the demurrer ought to have been sustained and the bill dismissed. This conclusion is the more satisfactory because the decree is palpably erroneous upon the merits, and this could be easily demonstrated if the purposes of the decision required it. I do not deem it necessary, however, to enter into any discussion of that branch of the case.

In conformity with the views already expressed, the decree of the circuit court must be reversed, the bill dismissed, and with it the petition filed by the other creditors.

DECREE REVERSED.