## Richmond.

BARNUM v. BARNUM'S EX'X.

MARCH 30th, 1887.

*Absent*—LEWIS, P.

1. PRACTICE IN CHANCERY—*Issues*—*New trial*—*Rule.*—Where because of conflict of testimony an issue is directed, the solution whereof depends on the weight of evidence, and the verdict is sanctioned by the trial court, the settled rule is that the appellate court will consider not merely whether the evidence warrants the verdict, but also whether upon the whole further investigation is necessary to justice; and it will not grant a new trial if, in considering all the evidence, the verdict seems to be right.    *Snouffer* v. *Hansbrough,* 79 Va. 166.

2. IDEM —*Case at bar.*—A case where the circumstances established by the evidence fully warrants the verdict found on the issues that were directed, in effect that there was fraud in the deed in controversy which was set up by the appellant.

Appeal from decree of circuit court of the city of Alexandria, entered second June, 1883, in a suit in equity, wherein Lois Barnum was complainant and Harmon S. Barnum was defendant.    The object of this suit was to declare null and void all deeds perfecting the title of said Harmon to one-half of the estate of his late uncle, Levi Deming, and especially a deed dated twelfth May, 1874, and purporting to have been executed by said Levi.    Upon an appeal to this court from a decree of 1879, it reversed, in 1882, said decree, and directed the issues to be tried as to the genu--

ineness and fairness of the procurement of the said deed. At the trial the jury rendered a verdict in favor of the complainant, who assailed both, and the circuit court sanctioned the verdict and decreed accordingly. And the defendant appealed. Opinion fully states the facts.

*Charles E. Stuart*, for the appellant.

*S. F. Beach*, for the appellee.

HINTON, J., delivered the opinion of the court.

This is the second appeal in this cause. The suit was brought to set aside as fraudulent and void certain instruments by which Harmon S. Barnum, the appellant, claimed · to have acquired the ownership of one-half of the estate of which his uncle, Levi Deming, of the county of Fairfax, died possessed.

At the hearing of the cause on the sixteenth day of December, 1879, the circuit court of Fairfax entered a decree dismissing the bill, on the ground that the allegation of fraud was not sustained by the evidence, and on the first appeal to this court in 1882 that decree was reversed, and the cause was remanded with directions to try the following issues: "First, whether the deed filed with the record, bearing date the twelfth day of May, 1874, and purporting to have been executed and delivered by Levi Deming, was in fact so executed and delivered. Second, whether if said deed was in fact so executed and delivered, was it or not procured by fraud or undue influence; and upon the trial of said issues the appellee shall be entitled to open and conclude."

After the cause was remanded, it was by consent of parties removed to the circuit court of Alexandria city, and in that court these issues were tried by a special jury, who

found a verdict for the plaintiff, which verdict was approved by the court, which decreed accordingly.

The application to this court now is to set aside the verdict of the jury, on the single ground that there is no evidence to support the verdict. But in our judgment there is little room in the present case for such a contention. The rule applicable to appeals of this description has been repeatedly declared in substantially the same terms. In *Almond* v. *Wilson*, 75 Va. 613, the court says: "In this case we have the report of the commissioner, the verdict of the jury, and the opinion of the chancellor, all concurring, each one of whom was confronted with the witnesses, and had the fullest opportunity of testing their accuracy, credibility and sources and means of information under the test of a public cross-examination. Under such circumstances, it would be an unusual exercise of appellate jurisdiction for this court to reverse the decree of the circuit court. Such a course would be in violation of the practice and rule of this court from the foundation of the government. The cases on this subject are numerous, and are perfectly familiar to the profession." And in *Snouffer's Adm'r* v. *Hansbrough*, 79 Va. 166, the court said: "In cases of this character, where there is an utterly irreconcilable conflict between the testimony of the plaintiff and defendant, where the proper solution of the controversy depends upon the credibility of the witnesses, where the cause has been remanded solely with the view to obtain the opinion of the jury as to some paramount fact necessary to be ascertained before a decree in accordance with the justice of the case and the rights of the parties can be rendered, and where the verdict which has been found has received the sanction and approval of the trial court, the appellate court will sustain the decree, unless it can see from the record that something was done or omitted to be done on the trial which might have improperly influenced

the jury in arriving at the verdict, or, at the least, that it is doubtful whether under the facts of the particular case such a verdict should have been rendered at all. In every such case it would not only be manifestly unjust to the individual, but at war with a wise and salutary course of legal procedure to send the case back, and to subject the party prevailing to the hazard and uncertainty of another trial, unless it should be apparent to the court from the record that there had been at least a probable miscarriage of justice, owing to some illegal advantage which he may have obtained on the trial." Now these quotations show that the appellate court is not disposed to incline too ready an ear to applications of this character, and to grant them only when the plain justice of the case requires that it should do so. But, apart from this consideration, we think that the record, far from sustaining the contention of the appellant, discloses a case of as gross and transparent a purpose on the part of Harmon S. Barnum to defraud his mother, Lois Barnum, of one-half of the estate which came to her from her brother, Levi Deming, as we have ever seen. Mrs. Barnum was the only sister of Levi Deming, and to her he was, as the evidence clearly establishes, devotedly attached. He had long purposed that she should heir all that he left. He barely endured his nephew, the appellant here, and permitted him to remain on his place only out of regard for the feelings of his sister, the appellant's mother, and the' homeless situation of his little daughter. Yet, notwithstanding all this, which was known to the appellant, he appeared before his mother on the morning after his uncle's death, with a paper in the words and figures following :

" *To Lois Barnum :*

I desire that one equal undivided half of my estate,

both real and personal, be conveyed to Harmon S. Barnum
within twenty days after my decease, to be his sole prop-
erty.

          (Signed)        LEVI DEMING.

Fairfax county, May 1st, 1874."

And urged her to go at once with him before a magistrate
and acknowledge a deed accordingly.  Failing in this,
within less than a fortnight thereafter he goes to Mr. Geo.
A. Mushbach, who was a comparative stranger to Mr.
Deming, with a deed dated May 11th, 1874, written by
himself, and with his certificate as a justice of the peace
of its acknowledgment annexed, but purporting to be a
deed signed and acknowledged by Levi Deming eleven
days before his death, by which in consideration of $3,000
he granted his entire estate—one-half to his sister, Lois
Barnum, and the other half to George A. Mushbach, of the
city of Alexandria, and upon the pretense that his uncle
wanted him (Harmon) to have half of his estate, and had
considered that the best way to accomplish this was to
convey the half to Mushbach, to be conveyed by him to
Harmon, obtained from Mushbach a deed reciting these
statements and conveying to said Harmon the half of the
estate, which the deed of May 11, 1874, purported to con-
vey to Mushbach; and while he is doing all this, as the
evidence discloses, he has lying in his own bureau drawer
a deed, all ready for execution, and in his own handwriting,
from Lois Barnum to Harmon S. Barnum, conveying to
him in consideration of $3,000 " one-half of *her* farm upon
which she resides, and which is known as Cottage Farm,
and the same farm which belonged to the late Levi Dem-
ing."  Could fraud be made plainer?  We think not.  At
the time he is trying to obtain from either his mother or
Mr. Mushbach one-half of this property by means of these
false and unworthy devices, we have his own written de-

claration to the effect that the whole of that farm belonged to his mother alone.

In the face of such evidence the jury could not have found any other verdict than the one they did, and it can not be disturbed. The decree of the circuit court of the city of Alexandria must therefore be affirmed.

DECREE AFFIRMED.