# Staunton

A. S. Richardson v. Amos Breeding, Receiver, Etc.

September 11, 1936.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning and Eggleston, JJ.

The opinion states the case.

*Rose & Rush* and *S. H. & George C. Sutherland,* for the appellant.

*F. H. Combs,* for the appellee.

GREGORY, J. delivered the opinion of the court.

The present controversy involves a provision for a ten per cent collection, or attorney's fee, embodied in a collateral note and is an outgrowth of, and incidental to litigation involving approximately $30,000, which was due by the Bank of Grundy, Incorporated, (now in receivership) to A. S. Richardson. The trial court in deciding the main litigation in favor of Richardson, (from which there was no appeal sought) handed down an opinion, the concluding portion being as follows:

" * * * It is contended on the part of the bank that Richardson is not entitled to collect any attorney fee at all, while it is contended for Richardson that he is entitled to collect the sum of $3,000, as attorney fee. It is thought Richardson is entitled to collect a reasonable attorney fee, under the facts in this case, and that such fee is secured by the contract creating the equitable lien upon the assets of the bank. *University of Richmond* v. *Stone,* 148 Va. 686, 139 S. E. 257. It is further considered, that, upon the facts, so far as they appear from the record in its present state, the allowance of an attorney's fee of $3,000 would be unreasonable and unconscionable. The holder of a note which provides for and fixes an attorney fee is entitled to recover such reasonable attorney fee as may be incurred by him, not exceeding the amount specified by the contract or note. *Conway* v. *American National Bank,* 146 Va. 357, 364, 131 S. E. 803. As to what would be a reasonable attorney fee in this case, does not clearly appear from the evidence. Either party to the litigation may, if they be so advised, amend their pleadings upon this issue, and take such evidence upon it as they may desire, after which the court will undertake to fix the amount of the attorney fee to which the holder of the note is entitled. * * * "

Conforming to the suggestion of the court, the pleadings were amended to raise the issue and upon the application of Richardson, an issue out of chancery was awarded to have a jury determine what would be a reasonable attorney's fee to be allowed. The jury, after hearing the evidence and after instructions from the court found that $800 would be a reasonable fee and the court approved and confirmed this finding by its decree in which this was also recited: "And the court, independently of the verdict of the jury as aforesaid, is of the opinion, and doth adjudge, order and decree that the aforesaid sum of eight hundred dollars is a fair, reasonable and ample fee for the attorneys representing A. S. Richardson in the matter of the petition aforesaid: * * * "

The attorneys representing the appellant collected on the thirty thousand dollar collateral note the sum of $18,605.32 and it is upon that amount they now claim ten per cent, or $1,860.53, as attorneys' fee which is $1,060.53 in excess of the amount the court allowed.

In Virginia, a provision in the body of a note to pay an attorney's fee in event the note is collected by an attorney has been held to be a valid and binding obligation. It has been construed to mean that the holder of such a note is entitled to recover of the debtor in addition to the amount of the note such reasonable attorney's fee as may be incurred by him, not exceeding the amount specified in the note. The court, however, has the power to reduce the amount of the fee provided for in the note if it "be unreasonable in amount or unconscionable." *Colley* v. *Summers Parrott Hardware Co.*, 119 Va. 439, 89 S. E. 906, Ann. Cas. 1917D, 375; *Cox* v. *Hagan*, 125 Va. 656, 100 S. E. 666; *Triplett* v. *Second Nat. Bank*, 121 Va. 189, 92 S. E. 897; *Conway* v. *American Nat. Bank*, 146 Va. 357, 131 S. E. 803; *Atkinson* v. *Neblett*, 144 Va. 220, 132 S. E. 326; *University of Richmond* v. *Stone*, 148 Va. 686, 139 S. E. 257; *Sutherland* v. *Receiver for Dickenson County Bank*, 163 Va. 949, 178 S. E. 12; *Dermott* v. *Carter*, 151 Va. 81, 144 S. E. 602; *Citizens Nat. Bank of Orange* v. *Waugh* (C. C. A.), 78 F. (2d) 325, 100 A. L. R. 939.

In *Dermott* v. *Carter, supra,* we said that the fixing of

an attorney's fee in cases similar to the one here considered was within the sound discretion of the court. In *Parksley Nat. Bank* v. *Accomac Banking Co., Inc.*, 166 Va. 459, 186 S. E. 38, decided at Wytheville, June 11, 1936, we said that the *prima facie* presumption of the reasonableness of the ten per cent attorney's fee expressed in the note had been overborne. In the case at bar it is perfectly obvious that the trial court has not abused its discretion in this matter. It is likewise obvious that the trial court was of the view that the *prima facie* presumption in favor of the reasonableness of the expressed fee had been overborne. We agree with its conclusion.

The verdict of the jury confirmed by the trial court and the judgment of the trial court independent of the verdict fixed the sum of $800 as a reasonable attorney's fee. This finding by both the jury and the court is supported by the evidence.

It is contended that there is no pleading to raise any issue regarding the attorney's fee. The appellant asserts that inasmuch as the answer of the receiver was not filed to his petition within forty days, the time prescribed in the decree, that it could not be filed at all because the receiver had not shown any cause why the answer had not been filed within the time allowed. The court heard the excuse offered by the receiver for his failure to file the answer within the time allowed and in its discretion the court permitted it to be filed. In permitting the answer to be filed it is quite obvious that good cause was shown the court for the delay and that it exercised a sound and reasonable discretion in this regard. When it is considered that in the main litigation the question of the attorney's fee was not specifically raised by the appellant nor considered by the court until the decree of May 8, 1934, and when we consider the further fact that the appellant asked for an issue out of chancery to have a jury ascertain what would be a reasonable attorney's fee to be allowed and his joining in the trial of that issue before the jury we do not think he can now seriously contend that no issue upon that question has been made.

There were numerous objections to the admissibility of evidence and exceptions to the rejection of evidence offered. Objections were made to instructions given and exceptions taken to the refusal to grant those offered. These have been carefully considered and while there may have been errors committed in one or more of the rulings of the court we are quite certain that the assignments of error point out no substantial reason for the reversal of the decree. The appellant has had the benefit of a jury to fix the fee. In addition he has had the independent judgment of the trial court on the question. The judge of the trial court has followed the litigation from its inception. He has had wide judicial experience and is quite familiar with what the services of the attorneys were worth in this case. But aside from this we have carefully considered the record and upon the whole we think the fee allowed was reasonable.

 Where an issue out of chancery has been awarded and there is a conflict in the testimony, as in the case at bar, and the cause has been remanded solely with the view to obtain the opinion of the jury upon some important fact which is necessary to be ascertained before a proper decree can be rendered and where the verdict has the approval of the trial court, the appellate court will generally uphold the verdict and sustain the decree unless it can be seen from the record that the jury was improperly influenced in arriving at its verdict. Where the appellate court has before it the entire record including all of the evidence it is competent to decide whether the ends of justice require another trial. The rule is well settled that this court will consider the entire record and ascertain whether further investigation is necessary to attain the ends of justice. Although the jury may have been misdirected, or evidence may have been improperly admitted or excluded, the decree will not be reversed and a new trial granted upon the issue if the verdict appears to be right upon a consideration of all the evidence, including that which was rejected. *Snouffer's Adm'r* v. *Hansbrough*, 79 Va. 166; *Barnum* v. *Barnum's Ex'x*, 83 Va. 365, 5 S. E. 372; *Fishburne* v. *Ferguson's Heirs*, 84 Va. 87, 4 S. E. 575; *Reed* v. *Axtell &*

*Myers,* 84 Va. 231, 4 S. E. 587; *Meek* v. *Spracher,* 87 Va. 162, 12 S. E. 397.

The decree is affirmed.

*Affirmed.*