## CIRCUIT COURT OF FAIRFAX COUNTY

First American Bank

    v.

Rice

Case No. (Law) 102251

First American Bank

    v.

Lacey

Case Nos. (Law) 102252, 102253

First American Bank

    v.

RLF Service Contractors

Case No. (Law) 103541

July 24, 1991

By JUDGE JACK B. STEVENS

    This matter has been under advisement for the Court to consider the defendants' Motions to Set Aside Confessed Judgments in each of the above cases. The Court has considered the arguments and briefs of counsel and the cases

cited in support thereof, and grants the Motions to Set Aside as to attorney's fees only, but denies the Motions as to all other matters.

The defendants have moved to set aside the judgments under § 8.01-433 of the Virginia Code. Section 8.01-433 reads in pertinent part as follows:

> Any judgment confessed under the provisions of § 8.01-432 may be set aside . . . upon motion of the judgment debtor . . . on *any ground which would have been an adequate defense or setoff in an action at law instituted upon the judgment creditor's note* . . . .

Section 8.01-433 Va. Code Ann. (1950) (emphasis added).

The defendants have asserted four grounds for setting aside the judgments. They are that:

(1) First American breached contractual relations with the defendants by not working out the agreements;

(2) First American breached a fiduciary relationship with the defendants;

(3) First American breached a covenant of good faith with the defendants; and

(4) The attorney's fees awarded are unreasonable.

On the record before the Court the defendants' first three arguments are insufficient to support the Motions to Set Aside.

The Court finds the claim of breach of contractual relations is not a good defense to the judgment creditor's notes because the alleged "agreements" or contractual relationships violate the statute of frauds. § 11-2(9) Va. Code Ann. (1950). Further, the Court finds that First American occupied only a creditor/debtor relationship with the defendants and no fiduciary relationship existed or was breached on the facts asserted. Finally, the Court finds that the defendants have failed to allege any action on the part of First American which would indicate a breach of an implied covenant of good faith and fair dealing which would be a defense or a setoff to the note, as opposed to the alleged oral agreement, which as indicated above, is unenforceable by this Court.

However, the Court is persuaded by the defendants' fourth argument as to attorney's fees. Parties to a note

may validly include a provision providing for attorney's fees in the event of default. *Colley v. Summers Parrott Hardware Co.*, 119 Va. 439, 89 S.E. 906 (1916). However, provisions of this nature are always subject to reduction by the Court if the fee is unreasonable or unconscionable. *Triplett v. Second National Bank*, 121 Va. 189, 92 S.E. 897 at 898 (1917). Regardless of the amount stipulated, the holder of a note which provides for and fixes an amount for attorney's fees is only entitled to recover the *reasonable* attorney's fees incurred by him, not to exceed the amount specified in the contract or note. *Cox v. Hagan*, 125 Va. 656, 100 S.E. 666 (1919); *Richardson v. Breeding*, 167 Va. 30, 187 S.E. 454 (1936). In determining the amount to be allowed, a Court should consider the services actually performed by the attorney and the customary charges for those services in the locality. *Cox v. Hagan*, 125 Va. 656, 100 S.E. 666; *Mullins v. Richlands National Bank*, 241 Va. 447 (1991). Accordingly, the Confessed Judgments are set aside as to attorney's fees only, until such a time when evidence can be heard regarding the amount of time consumed, the effort expended, the nature of the services rendered, customary charges for those services, and other attending circumstances.