# CIRCUIT COURT OF THE CITY OF RICHMOND

Rhetta M. Daniel

v.

Dominick A. Pilli

October 25, 2001

Case No. LM-765-3

BY JUDGE RANDALL G. JOHNSON

This case was tried to the court, sitting without a jury, on October 5, 2001. At the end of the evidence and closing arguments, the court announced its verdict in favor of the plaintiff in the amount of $23,974.11, plus interest at the rate of 18% from the date of judgment until paid. The case was taken under advisement for the court to consider plaintiff's claims for attorney's fees and sanctions.

*Attorney's Fees*

Both parties to this case are lawyers. On January 21, 2000, defendant signed a retainer agreement employing plaintiff to represent him in an appeal of a public reprimand handed down by the Fifth District Disciplinary Committee of the Virginia State Bar. Pursuant to the agreement, plaintiff appealed the public reprimand to the Disciplinary Board of the Virginia State Bar and, when that appeal was unsuccessful, to the Supreme Court of Virginia, including briefing and oral argument in the Supreme Court. That appeal was also unsuccessful. In essence, both the Disciplinary Board and the Supreme Court ruled that defendant had failed to perfect his appeal to the Disciplinary Board by failing to file a transcript of the District Committee hearing within the time allowed by Part 6, § IV, Para. 13(B)(10)(b), of the Rules of the Supreme Court of Virginia.

The parties' retainer agreement required defendant to pay an hourly rate for plaintiff's services of $250. The agreement also provided for interest at the rate of 18% per year on any outstanding balance that was not paid within thirty days of billing and an attorney's fee of 33.33% of the entire amount due "[i]f collection of any fees and costs is referred to another attorney for processing." When defendant failed to pay his bill, plaintiff hired another attorney who filed the present suit. As stated above, the court has already decided that plaintiff is entitled to fees, costs, and interest totaling $23,974.11. The court now holds that she is also entitled to an attorney's fee of 33.33% of that amount.

In *Merchants etc. Bank v. Forney*, 183 Va. 83, 31 S.E.2d 340 (1944), the Supreme Court said:

In Virginia a stipulation in a note for compensation to attorneys for collection fees incurred, if payment of the note is not made at maturity, is a valid, binding, and enforceable contract. If the attorneys [*sic*] fees are incurred under the conditions set out in the notes, they are a part of the same obligation as the principal and interest.

183 Va. at 94.

While the above case dealt with attorney's fees contained in a note, there is no reason why a different rule would apply to other contracts. Moreover, while the court has the discretion to reduce the agreed upon fee if it is unreasonable or unconscionable, *see, e.g., Richardson v. Breeding*, 167 Va. 30, 33, 187 S.E. 454 (1936), the presumption is that it is not. Particularly in this case, in which both parties are lawyers and the amount of the fee in light of the sum recovered and the effort expended by plaintiff's attorney to recover it are not unreasonable, the court will not disturb the contract made by the parties. Accordingly, the court will include in its judgment an attorney's fee of $7,990, which is 33.33% of the amount of the verdict.

*Sanctions*

In his grounds of defense, defendant denied the allegation contained in the motion for judgment that plaintiff had "duly performed all legal services" called for in the retainer agreement and affirmatively alleged that plaintiff "failed to acquire a copy of the [District Committee] hearing transcript in a timely fashion." Defendant also filed a counterclaim in which he alleged that by "Ms. Rhetta Daniel's failing to order and receive the trial hearing transcript in a timely manner, thereby not perfecting the appeal of Mr. Pilli, Ms. Daniel

cost Mr. Pilli not only the loss of his right to appeal, but caused him to incur an unnecessary and needless legal bill in excess of $22,000.00 (Twenty-Two Thousand Dollars), plus interest thereon." A reading of defendant's testimony before the Disciplinary Board reveals that defendant's statements are false:

Q. Mr. Pilli, when did you first contact [the court reporter] and ask for the transcript?

A. That would have been when I heard from Ms. Daniel what I needed to do. . . .

Q. Did you discuss with her when you contacted her the need to have — to file a transcript to proceed with the appeal?

A. Oh, yes. We knew exactly what to do, and that's why I did it.

Q. So you knew from your first contact with Ms. Daniel —

A. To order the transcript.

Q. — that you needed to order the transcript?

A. And I did precisely as we talked. It was probably a day or two apart. . . .

Q. Mr. Pilli, did you ever pay [the court reporter] for the transcript?

A. No. Because they never sent the price quote, and they never called back. . . . And we knew that this was an extensive transcript because I told them it was all day and that it would probably be expensive, and they never got it back to me. But that order was made.

Q. So you think this phone call you made, this initial phone call you made to [the court reporter] was around the time you spoke with Ms. Daniel?

A. Oh, yes. It was definitely because Ms. Daniel and I had talked first; and she told me what I needed to do. And then I went and did it; and then I verified it with the fax the day that we talked about that I did it. I have a copy of the fax too probably. . . .

Q. So you made only one phone call to [the court reporter]; is that correct?

A. Yes.

Q. And you never paid them —

A. On the — when people call me — let me answer the question fully . . . to make it clear. I ordered the transcript. It was crystal clear I ordered the transcript. And everything was in their hands. I trust they are in the type of business that they knew what to do with that. They did not do it.

528

Transcript of proceedings before the Disciplinary Board of the Virginia State Bar, March 30, 2000, at 13-18.

Virginia Code § 8.01-271.1 provides, in part:

> The signature of an attorney or party constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . .
>
> If a pleading, motion, or other paper is signed or made in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed the paper or made the motion, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper or making of the motion, including a reasonable attorney's fee.

It is clear that the denial and allegations in the grounds of defense and counterclaim placing the blame on plaintiff for failing to order and file the District Committee transcript violate the above statute. There is no way that defendant could testify as he did before the disciplinary board and still contend in good faith that it was plaintiff who failed to order and file the transcript. In fact, defendant offered no explanation for the denial and allegations at trial.

In light of the fact that defendant is already obligated to pay plaintiff a total of $31,964.11, the court would normally not consider it necessary or appropriate to impose a sanction under § 8.01-271.1. The court cannot help but note, however, that this whole proceeding arose out of a public reprimand imposed on defendant. That public reprimand was for communicating with an opposing party who was represented by counsel after being informed of the opposing counsel's representation. Even after receiving that public reprimand and losing his appeals to the Disciplinary Board and Supreme Court, defendant still filed a grounds of defense and counterclaim in this court which contained a denial and factual allegations which he clearly knew were not true. Apparently, the sanction of a public reprimand was not enough to deter defendant from engaging in further inappropriate conduct. The court does not

believe that it is in the best interests of the bar, the public, or the defendant to ignore defendant's latest transgression. Lawyers and litigants must know that Va. Code § 8.01-271.1 means what it says: pleadings that contain knowingly false statements will not be tolerated by Virginia's courts. A monetary sanction of $1,000 will be added to plaintiff's recovery in this case.