RANSOM D. BULLOCK v. WILLIAM TAYLOR ET AL.

*Promissory note—Exchange—Attorney fee.*

A provision in a promissory note for the payment of current exchange or express charges is nugatory, and does not add to or vary a surety's liability, since the promisor must be liable for the expense of transmitting the money to the place where the note is payable.

A provision in a promissory note for an "attorney fee" in case of proceedings to collect it, is a stipulation for a penalty and is void.

A surety's promise cannot be enlarged in the slightest particular without his consent. ·

Error to Clinton. Submitted June 11. Decided June 21.

ASSUMPSIT. Plaintiff brings error.

*John D. Conely* for plaintiff in error. A provision for current exchange in a promissory note is not material, *Miller v. Finley,* 26 Mich., 249; *Hill v. Todd,* 29 Ill., 101; and a provision for an attorney fee does not affect a surety, and the amount is not recoverable until after suit upon the note, *Sperry v. Horr,* 32 Ia., 186; *Smith v. Kendall,* 9 Mich., 241; *Johnson v. Frisbie,* 15 Mich., 286; *Easter v. Boyd,* 79 Ill., 325; 8 Chic. Leg. News, 457; *Dowty v. Holtz,* 5 Cent. L. J., 369; *Nickerson v. Sheldon,* 33 Ill., 372; *Nickerson v. Babcock,* 29 Ill., 497; *Dietrich v. Bayhi,* 23 La. Ann., 767; *Hodges v. Shuler,* 22 N. Y., 114; *Osborn v. Hawley,* 19 Ohio, 130; it is void because as a measure of damages it disregards any theory of compensation, *Trustees v. Walrath,* 27 Mich., 232; *Jaquith v. Hudson,* 5 Mich., 123; *Davis v. Freeman,* 10 Mich., 188; *Daily v. Litchfield,* id. 29; *Richardson v. Woehler,* 26 Mich,, 90; *State v. Taylor,* 10 Ohio, 378; *Shelton v. Gill,* 11 Ohio, 417; *Martin v. Trustees,* 13 Ohio, 258; *Woods v. North,* 16 Am. Law Reg., 667; the attorney fee clause is no part of the note, *Musser v. Crum,* 6 Cent. L. J., 397; *Stoneman v. Pyle,* 35 Ind., 103; *Gaar v. Louisville,* 11 Bush, 180; *Seaton v. Scovill,* 18 Kan., 433.

*Spaulding & Cranson* for defendants in error.

COOLEY, J. The action in this case is brought to recover from William Taylor and Aaron B. Taylor as principals, and Joseph K. Taylor as surety, the amount of several promissory notes given by the principals, and for the payment of which the surety is supposed to have bound himself by a bond executed before the notes were given.

The notes were given in pursuance of a certain agreement under which William and Aaron B. Taylor became agents for the plaintiff in the sale of musical instruments. They also agreed to buy certain instruments, and "to execute and deliver to said Bullock their equal promissory notes, executed by them and payable to his order for the full amount of the aggregate prices of said instruments, * * and that said notes shall be due and payable at Second National Bank of East Saginaw, Michigan, in three equal instalments of six, nine, and twelve months from the date of each delivery of said instruments, with interest thereon at the rate of ten per cent. per annum, from the date of each of said notes." The bond signed by Joseph K. Taylor was conditioned for the performance by his principals of the stipulations of this agreement.

The question in the case arises on the notes which were afterwards given. The following is a copy of one of them:

"$70.83.                    Mт. PLEASANT April 12, 1875.

Nine months after date we promise to pay to R. D. Bullock or order the sum of seventy 83-100 dollars value received, with ten per cent. interest, with current exchange or express charges. If this note is not paid at maturity it is to draw ten per cent. from date, and the undersigned agree to pay fifteen dollars attorney's fees, over and above all taxable costs, should any proceedings be instituted to collect this note, payable at Second National Bank, East Saginaw.

                              WM. TAYLOR & Co."

The surety insists that such notes are not within the

terms of his undertaking; *first*, because they contain a promise to pay exchange or express charges in addition to the sum owing; *second*, because they provide for the payment of an attorney's fee, to which he has never consented; and *third*, because, being for the payment of uncertain sums, they are not promissory notes at all.

We quite agree with counsel for the plaintiff that the provision for the payment of exchange or express charges is merely nugatory. By the agreement as well as by the terms of the notes, they were made payable at East Saginaw, and it therefore became the duty of the promisors to be at any expense necessary in the transmission of the money to that place. Whether they sent by draft or by express the expense would equally fall upon them, and an express promise to pay it could add nothing to their liability. The provision on the subject may have been inserted in the notes for a more perfect understanding of the agreement, but the surety could not complain of it, because it could not in any manner add to his liability, or vary his undertaking.

The agreement embodied in some of the notes for the payment by the makers, of an attorney's fee in case any proceedings are instituted for collection, presents a somewhat different question. If the agreement is valid and constitutes a part of the obligation of the makers upon which a recovery may be had in a suit for the amount owing on the note, then it will be conceded the notes which contain it are not within the terms of the obligation the surety has assumed. The surety undertook for the payment of the price of goods to be sold, and not for any penalty for failure to pay promptly; and his promise cannot be enlarged in the slightest particular without his consent. *Smith v. Shelden*, 35 Mich., 42. It is suggested, however,—and there is some authority for that view,—that the provision for the payment of an attorney's fee is only the personal undertaking of the makers, which from its very terms does not become

operative until suit brought, and consequently cannot be counted upon in the suit for collection of the note, and is no more a part of the obligation for which the surety has undertaken than if it were a promise evidenced by a separate instrument. A more important suggestion is, that the promise is absolutely void.

In this State the attorney's fees which the successful party is permitted to recover in courts of record are prescribed by statute or by rule of court. In justices' courts none are given, except in a few special cases. The policy of our law is to limit such recovery to a very moderate sum in every case where it is permitted at all. We have also in this State had usury laws from the very first; and though their penalties have not been severe, they have fixed a maximum of ten per centum per annum, which is not to be exceeded under any circumstances. And it is a question of very grave importance whether the policy which thus limits attorney's fees and also limits the rates of interest, can be set aside by provisions like that under review.

The notes upon which a recovery is sought in this case vary in amount from $41.50 to $104.12. Six of them, including two for $41.50 each, contain the promise to pay an attorney's fee of fifteen dollars, should any proceedings be instituted for collection. All of them could be sued in justice's court, and the mere taking out of a summons would be a proceeding for collection. Therefore the makers are made to promise that if the payee, when the notes come due and are not paid, shall take out a summons upon each of them, the makers will pay an attorney's fee of fifteen dollars upon each. ( It is of course preposterous to call this a fee: a fee supposes services; and here the services to be compensated may be purely nominal. The sum is nothing but a penalty: it cannot even be regarded as stipulated damages on a default; for the sum to be paid bears no proportion to the sums overdue, but is the same for the smallest notes as for the largest. Moreover, the law itself determines

what shall be the recoverable damages on default in the payment of a liquidated demand, and limits it to a sum not to exceed ten per centum per annum: while these stipulations in some cases provided for the payment of a sum equal to thirty five per centum, however brief might be the period of default.

A stipulation for such a penalty we think must be held void. It is opposed to the policy of our laws concerning attorney's fees, and it is susceptible of being made the instrument of the most grievous wrong and oppression. It would be idle to limit interest to a certain rate, if under another name forfeitures may be imposed to an amount without limit. The provision in these notes is as much void as it would have been had it called the sum imposed by its true name of penalty or forfeiture. There is no consideration whatever that can support it.

It follows that the circuit court should have rendered judgment for the amount of the notes, ignoring this provision. The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.