# Richmond.

Pettyjohn's Ex'ors v. Woodruff's Ex'or and als.

### January 23d, 1890.

Partnership—*Social assets—Social creditors.*—The social assets are applicable first to the social debts, and if insufficient, the social creditors come in as general creditors *pari passu,* with separate creditors of the same class upon the separate estate of the deceased partner.

Appeal from decree of circuit court of city of Lynchburg rendered, in vacation, February 25, 1888, in the chancery suits of Woodruff against Spence, surviving partner, etc., and Pettyjohn, etc., against Woodruff's executor, the same having been consolidated and heard together. The decree being adverse to Pettyjohn's executors, they appealed. Opinion states the case.

*E. S. Brown,* for the appellants.

*Kirkpatrick & Blackford* and *R. G. H. Kean* and *J. H. Lewis,* for the appellees.

Fauntleroy, J., delivered the opinion of the court.

Seth Woodruff and William Q. Spence were partners doing business in Lynchburg as private bankers and brokers under the style of Woodruff & Spence. Seth Woodruff died the 4th day of April, 1875, leaving William Q. Spence surviving him, and John W. Daniel qualified as executor of his will.

There were no liens on the social assets, nor on the separate estate of Seth Woodruff, deceased, by judgment or otherwise, and no priorities of any sort. Accounts were ordered and taken, and reported to the court, showing the insolvency of the partnership, the social debts being $61,911 11, and the social assets $39,340 76. The separate debts of the deceased partner, Seth Woodruff, were reported to be $7,874 28, and his separate assets $10,980 73; and the commissioner reported a scheme for distributing the social assets among the social creditors, and the separate assets among the separate creditors, carrying the surplus over to the social creditors and distributing it among them. The social creditors excepted to this plan of distribution, and contended that, there being no specific liens or priorities in the case, the separate assets of the deceased partner, Seth Woodruff, in the hands of his executor, are to be applied, ratably, to his individual debts and the unpaid balances due the social creditors, after exhausting the social assets.

The circuit court sustained this exception, and decreed accordingly, that the social assets having been properly distributed among the social creditors, and proving insufficient to pay them in full, they are entitled, as to the unpaid portions or balances due them, to share with the separate creditors of the same dignity, *pari passu*, in the separate assets of the dead partner.

The single question presented by this appeal is, What is the rule in Virginia for the application of the social and separate assets as between the social and separate creditors? Whatever may have been the rule in other states, independently of statute law, the law of Virginia is, that the legal effect of the partnership is, to set apart or dedicate the social assets as a fund for the payment of the social debts, for the mutual protection of the partners *inter se* (subject to the right of the partners, while all alive, by consent, to vary that dedication, as in *Shackelford* v. *Shackelford*, 32 Gratt., 481), and for any unpaid balance due them the social creditors come in as general creditors, *pari*

*passu*, with the separate creditors of the same class, upon the separate estate of the deceased partner.

This principle has the sanction of the deliberate and unanimous decision of this court in *Porter* v. *Ashby*, 26 Gratt., 465, and an implicit legislative adoption of section 2855, Code of 1887, taken, word for word, from section 13, chapter 144, Code of 1849, with the construction which it had received by this court, and that construction has been followed and reaffirmed by this court in the case of *Robinson* v. *Allen*, 85 Va., 721.

We find no error in the decree appealed from, and the judgment of this court is, to affirm the said decree of the circuit court of the city of Lynchburg.

JUDGMENT AFFIRMED.