# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

RIXEY, TRUSTEE, v. PEARRE BROS. & CO.

June 16th, 1892.

| 89 | 113 |
|----|-----|
| 90 | 815 |
| 89 | 113 |
| 93 | 639 |
| 89 | 113 |
| 105 | 717 |

1. SUBSTITUTION—*Rule—Exception.*—Where creditor has a lien on two funds, and subsequent creditor has a lien on one of them, former will be required to resort first to the fund not common to both; or, if he has already been paid out of the doubly-charged fund, subsequent creditor will be substituted *pro tanto* to the other fund; but this rule will never be so applied as to unduly delay the prior creditor, or to the prejudice of third persons; and they must both be creditors of the same debtor, and the funds must belong to the same person. *Miller* v. *Holland*, 84 Va. 652.

2. IDEM—*Case at bar.*—A partner grants his individual property in trust to secure a debt of his firm to a bank. Afterwards the firm grants its assets to secure its debts, including the bank debt, that was preferred. The firm assets were applied to satisfy the bank debt. The firm creditors petitioned to be substituted to the lien of the bank on the individual property aforesaid.

HELD:
> They were not entitled to such substitution, to the prejudice of the individual creditors.

3. ATTORNEY'S FEES—*Penalty.*—An agreement in a note to pay attorney's fees for collection is a penalty, and not enforceable.

Argued at Richmond. Decided at Wytheville. Appeal from decree of circuit court of Fauquier county, pronounced in the chancery cause wherein Pearre Bros. & Co. were complainants and John F. Rixey, trustee, and others, were defendants. The decree being adverse to the defendants, they appealed. Opinion states the case.

*Rixey & Barbour* and *A. D. Payne*, for appellants.

*Jeffries & White* and *R. T. Scott*, for appellees.

LEWIS, P., delivered the opinion of the court.

This was a creditors' suit in the circuit court of Fauquier county to administer the assets of the late mercantile firm of Stribling & Lewis. The principal question in the case is, whether the appellees, who are partnership creditors, are entitled to be substituted to the rights of the Farmers National Bank of Culpeper as against certain real estate, the individual property of George H. Lewis, one of the partners. The facts in regard to the matter are these :

On the 27th of April, 1889, Lewis gave a deed of trust on the property (which is known as the "mill property"), to secure a debt of the firm to the bank for two thousand dollars ; and on the 30th of January, 1890, he gave a second deed of trust on the same property, to secure another partnership debt to the bank for one thousand dollars. These debts were evidenced by negotiable notes.

On the 5th of February, 1890, the firm made an assignment, conveying all its effects, for the benefit of its creditors, the debts of the bank being put in a preferred class. And on the 4th of the ensuing April, Lewis conveyed all his individual property, including that above mentioned, to secure his individual creditors.

In the progress of the cause the partnership assets were sold, the proceeds of which were exhausted in satisfying the bank debts. The appellees thereupon filed their petition, praying to be substituted to the liens of the bank on the "mill property," and the prayer of this petition was granted.

The individual creditors complain of this action of the circuit court, and insist that the doctrine of substitution or subrogation has no application to the case ; and we are of opinion that this position is well taken.

The general rule, undoubtedly, is that where a creditor has a lien on two funds for the payment of his debt, and a subse-

quent creditor has a lien on one of them only for another debt, the former will be compelled to resort in the first instance for satisfaction to the fund not common to both ; or, if he has already been paid out of the doubly-charged fund, the subsequent creditor will be substituted *pro tanto* to his rights as against the other fund.

But the rule, founded as it is, not upon contract, but upon principles of equity and benevolence, or, as is sometimes said, upon the maxim *sic utere tuo ut alienum non laedas*, will never be so applied as to unduly delay or inconvenience the prior creditor, or to prejudice the rights of third persons. The parties themselves, moreover, must be creditors of the same debtor, and the funds must be the property of the same person. 3 Pom. Eq., sec. 1414; 2 Lead. Cas. Eq. (4th ed.) 264, notes to *Aldrich* v. *Cooper ; Ex parte Kendall*, 17 Ves. 520 ; *Dorr* v. *Shaw*, 4 Johns. Ch. 17 ; *Lloyd* v. *Galbraith*, 32 Pa. St. 103 ; *Wise* v. *Shepherd*, 13 Ill. 41 ; *Leib* v. *Stribling*, 51 Md. 285 ; *Miller* v. *Holland*, 84 Va. 652.

In *Ex parte Kendall* Lord Eldon clearly stated the doctrine thus : If A, he said, has a right to go upon two funds, and B upon one, having both *the same debtor*, and the funds are the property of *the same person*, A shall take payment from that fund to which he can resort exclusively, so that both may be paid. But it was never said that if I have a demand against A and B, a creditor of B shall compel me to go against A without more. If I have a demand against both, the creditors of B have no right to compel me to seek payment from A, if not founded in some equity *giving B, for his own sake*, as if he was a surety, &c., a right to compel me to seek payment of A. It must be established that it is just and equitable that *A ought to pay in the first instance*, or there is no equity to compel a man to go against A, who has resort to both funds.

Hence it has been held that a several creditor of a partner

cannot compel a partnership creditor to proceed in the first instance against the assets of another member of the firm, unless the latter would, upon a settlement of the partnership accounts, be primarily liable as between himself and his co-partners for the joint debts. And in conformity with the rule, Strong, J., in *Lloyd* v. *Galbraith*, 32 Pa. St. 103, remarked that subrogation may be admitted in some cases where the two funds belong to different persons, if the fund not taken be the one which in equity is primarily liable, in which cases the equity of the second creditor is precisely that of the debtor, and is worked out through the equity of the debtor.

In the case at bar, however, no such circumstance appears, either from the settlement of the partnership accounts or otherwise. Indeed, it is not even suggested that, as between Lewis and his co-partner, the former ought to pay the bank debts. He secured them, it is true, on his individual property, but they were confessedly partnership debts, and, therefore, in the absence of any evidence to vary the rule, were primarily payable out of the partnership assets. *Pettyjohn* v. *Woodruff*, 86 Va. 478. And if, as between the partners themselves, there was no equity to compel resort to the individual property in the first instance, then there is none on the part of the appellees, who are partnership creditors, to be subrogated to the rights of the bank as against that property, since the right of subrogation in such cases is a purely derivative one. 1 Story Eq., sec. 645.

Indeed, had the bank resorted to the "mill property," the separate creditors of Lewis, working out their equity through that of their debtor, would have been entitled to be subrogated to the lien of the bank as against the partnership assets, because, as between the parties, it was just and equitable that those assets should be resorted to by the bank in the first instance. Nor does the circumstance that the deed securing the individual creditors was executed after the other deeds above mentioned in any way affect the case.

It is clear, therefore, that the petition of the appellees, claiming the right of subrogation, ought to have been rejected.

The next question is raised by the bank. In each of the negotiable notes held by the bank there is a stipulation " to pay, in default of payment at maturity, ten *per centum* on the face of this note, for attorney's fees for collection." This was held by the circuit court to be a penalty, and, as such, not enforceable; and in this view we concur.

There is a distinction in equity between a promise *to pay more* if a stipulation be not observed (which is denominated a penalty, and will be relieved against) and *a remission* of a part. 2 Min. Insts. 260. And it makes no difference that the stipulation in question is for attorney's fees. In *Bullock* v. *Taylor*, 39 Mich. 137, a similar stipulation was held by the supreme court of Michigan, speaking by Cooley, J., to be in reality as much a penalty as if it had been called by its true name of penalty or forfeiture; and there are many cases to the same effect.

The next question arises upon the appellees' assignment of error in regard to the claim of A. P. Stribling against the partnership. The claim was allowed by the circuit court, and, upon an examination of the evidence returned by the master, we are of opinion that it was rightly allowed.

This sufficiently disposes of the case, and renders it unnecessary to consider any other question discussed at the bar.

DECREE REVERSED IN PART AND AFFIRMED IN PART.