# Staunton.

## GUGGENHEIMER & CO. AND OTHERS v. JOHN S. MARTIN & CO., AND OTHERS.

### OCTOBER 5, 1896.

1. SUBSTITUTION—*Lien on Two Funds—One Fund Partnership Assets, the other Assets of One of the Firm.*—In order for a creditor who has a lien upon one fund to be entitled to substitution to the right of a creditor who ·has a lien upon that and another fund, and who has exhausted the common fund, it is necessary that both funds should be the property of the same debtor, and this condition does not exist where the assets of a partnership constitute one of the funds, and the individual property of a member of the partnership constitutes the other fund, unless that partner has in equity become entitled to the partnership assets, and become primarily liable for the partnership debts.

Appeal from decrees of the Circuit Court of Albemarle county, pronounced November 29, 1894, and February 12, 1895, in a suit in chancery wherein appellants, Guggenheimer & Co., were the complainants, and the appellees were the defendants.

*Affirmed.*

The complainants filed their bill in the Circuit Court of Albemarle county against John S. Martin & Co. (composed of John S. Martin and Jacob L. Moon), and the trustees and creditors secured in the deeds hereinafter mentioned. The bill charges that the firm of John S. Martin & Co. made a general assignment of all of its assets on March 20, 1893, for the benefit of its creditors, without preference. Among the debts so secured was a debt for $4,000 evidenced by four notes of the firm, endorsed by Thomas S. Martin, each for

the sum of $1,000, which had been discounted and were then held by the State Bank of Virginia, at Richmond, and also a debt of $600 due by the firm to Thomas S. Martin. The bill further charges that on the same day, March 20, 1893, Jacob L. Moon, a member of the firm of John S. Martin & Co., conveyed a tract of 350 acres of land, and a house and lot in Scottsville, each his individual property, to a trustee to indemnify and save harmless the said Thomas S. Martin by reason of his endorsement of the notes aforesaid. It further charges that, likewise on the same day, the said Jacob L. Moon conveyed several tracts of land, and assigned his choses in action and other personal assets, to a trustee to secure his individual debts. The last mentioned deed is made expressly subject to the second mentioned deed so far as it affected the tract of land called " Stony Point," which was included in both deeds. Some of the choses in action had also been previously assigned to indemnify Thomas S. Martin, as endorser on said notes amounting to $4,000, or to secure the debt of $600 due to him by the firm of John S. Martin & Co., but the last mentioned deed was made subject to these assignments. The bill then proceeds:

"And so your complainants charge and show to your Honor that the two debts aforesaid, secured along with your complainants and other social debts of John S. Martin & Co., to-wit, the $4,000 of notes as aforesaid held by the State Bank of Virginia, at Richmond, on which Thomas S. Martin is endorser, and the note of John S. Martin & Co., to the same Thomas S. Martin, have other, further, and additional security for their payment, and therefore, and to the extent that these debts may obtain satisfaction out of these several securities to which they are exclusively entitled, your complainants can ask, as they do ask and insist, that this be done to the extent necessary to relieve the social assets of John S. Martin & Co., so as to allow the other social creditors of said concern to realize their debts in full, since, as

complainants are advised and charge, there will be a large deficit of said assets to pay all the social debts of said concern.

"And your complainants say that this is all the more necessary and more right and proper to be done, because, while the notes of $1,000 each held by the State Bank of Virginia, at Richmond, are notes made by the firm of John S. Martin & Co., and therefore on their face the social debt of said concern, yet your complainants are advised and charge that the proceeds of the said notes went to the relief and benefit of the said Jacob L. Moon individually, and are therefore strictly and justly his, the said Jacob L. Moon's, individual debts, and it is therefore meet that these notes should be paid in full out of his individual assets conveyed for the purposes, if necessary to the relief of the other social creditors of said concern of John S. Martin & Co.

" Your complainants are therefore advised and submit that they have the right to ask, as they do now ask, that all the assets conveyed by these several deeds of trust be now marshalled, and all the trusts created by these several deeds be now administered under the direction and supervision of your Honor's Court of Equity, where all the parties interested may be impleaded and the rights of all fairly and fully determined."

The bill prayed for the necessary parties, for sundry accounts, &c., as follows:

" That there be an account ordered and taken, marshalling all the securities and all the indebtedness attempted to be secured by the said several deeds of trust hereinbefore mentioned, and especially that the debt of $4,000 held by the State Bank of Virginia, at Richmond, secured upon the other properties, and by the other assignments as hereinbefore set forth, and also the debt of $600 as of May 2, 1892, due to Thomas S. Martin, and secured by the previous assignment of the seventeen shares of the Bedford Land and

Improvement Company, be required to obtain satisfaction out of those other securities, held .by those debts respectively, to the relief of the other social creditors of the said John S. Martin & Co., in the social assets of said concern assigned by their said deed, and especially that, as to the aforesaid notes aggregating $4,000.00 they be held to be primarily the individual debt of the said Jacob L. Moon, and therefore primarily to be satisfied out of his individual assets conveyed and assigned for that purpose.

"And especially any surplus arising from the general deed of Jacob L. Moon to Micajah Woods, after paying the individual debts of said Jacob L. Moon, thereby secured, be applied to the payment of any balance that may be due upon the debt of your complainants."

The necessary accounts were ordered and taken. The findings of the Commissioner being adverse to the complainants, they excepted; but their exception was overruled, and the report of the Commissioner confirmed. The decree confirming said report so far as need be recited was as follows: " the court, for reasons stated in writing and filed with the record, is of opinion and doth decide that the social creditors of J. S. Martin & Co. have no right of subrogation to the rights of Thos. S. Martin in the individual assets of J. L. Moon, which were assigned or conveyed by said J. L. Moon to indemnify him (T. S. Martin) as endorser on the notes aggregating $4,000.00 held by the State Bank of Virginia. Hence that the exception to said report of Commissioner Gordon taken by Guggenheimer & Co., as aforesaid, is not good, and the same is hereby overruled. From which it follows, and it is hereby decreed accordingly, that said report, so far as the same is referred to by said exception is fully approved and confirmed. "

A bill of review was subsequently filed by the complainants, but on the hearing it was dismissed. From these decrees the complainants appealed.

*J. Thompson Brown*, for the appellants.

*Micajah Woods* and *George Perkins*, for the appellees.

BUCHANAN, J., delivered the opinion of the court.

On the 20th day of March in the year 1893 the firm of John S. Martin & Co. made a general assignment of their assets for the payment of their liabilities, without preference. On that day Jacob L. Moon, one of the members of that firm, executed a deed of trust upon a portion of his property to secure and indemnify Thomas S. Martin as endorser on four negotiable notes made by the firm and discounted by the State Bank of Virginia. On the same day he (Moon) executed another deed of trust to secure the payment of his individual creditors upon certain property, in which were embraced the same property conveyed in the deed of trust to secure and indemnify Thomas S. Martin, as endorser upon the notes held by the State Bank, and also upon a judgment and certain shares of stock which he had theretofore assigned to Thomas S. Martin as collateral to secure and indemnify him as endorser upon the notes named, and as collateral for the payment of a negotiable note which John S. Martin & Co. owed him, the said Thomas S. Martin, but they were conveyed subject to the lien of Thomas S. Martin.

The assets of the firm were administered and distributed *pro rata* upon its debts, including the negotiable note which it owed Thomas S. Martin, and the four negotiable notes upon which he was endorser. The assets of J. L. Moon are insufficient to pay his individual debts and the residue of the social debts remaining unpaid after exhausting the social assets.

The appellants, who are creditors of John S. Martin & Co., claim that the social creditors are entitled to be subrogated to the rights of Thomas S. Martin in the balance of

the proceeds of the items of the individual assets, conveyed and assigned by Jacob L. Moon to secure Thomas S. Martin, after the said Martin shall have obtained full satisfaction of the debt due him, and has been fully indemnified as to the notes upon which he was endorser, to the extent that those claims were paid out of the social assets of John S. Martin & Co. The Circuit Court was of opinion that they were not entitled to substitution as claimed, and so decreed. From that decree this appeal was taken.

The ground upon which the appellants based their right to substitution is that where one creditor holds a security upon two funds or estates, with liberty to resort to either for the payment of his debt, and another creditor holds a junior security upon one of these funds only, equity will compel the creditor who has two funds to exhaust the fund upon which he alone has security, before coming upon the latter fund, and, if the creditor who has a lien upon the two funds exhausts the only fund upon which the other creditor has a lien, the latter is entitled to be subrogated to the lien of the former upon the other fund, or to any balance thereof remaining after full payment of the prior lien, of which the senior creditor might and ought to have availed himself.

The same question involved in this case arose and was decided by this court in the case of *Rixey, Trustee,* v. *Pearre Bros. & Co.,* reported in 89 Va. 113.

That case was carefully considered, and the conclusion reached that, in order for a creditor who had a lien upon one fund to be entitled to substitution to the right of a creditor who had a lien upon that and another fund, it was a necessary condition, among other things, that *both funds* upon which the prior creditor's claim was secured should be the *property of the same debtor,* and that this condition does not exist where the assets of a partnership constitute one of the funds, and the individual property of a member of the

partnership constitutes the other fund, unless that partner has in equity become entitled to the partnership assets and become primarily liable for the partnership debts; and under the facts of that case, which are identical with the facts of this case in all material points, so far as they affect the question under consideration, it was held that the partnership creditors who only had a lien upon the one fund were not entitled to be substituted to the rights of the creditor who had a lien upon the two funds.

That decision is conclusive of this case, and the decree appealed from must therefore be affirmed.

*Affirmed.*