## Staunton.

### FIELDS v. FIELDS.

September 13, 1906.

Absent, Keith, P.

1. VENDOR AND PURCHASER—*Deficiency in Acreage—Recovery Back of Purchase Money.*—A vendee who, with full knowledge of a deficiency in acreage of the land purchased, voluntarily pays the full purchase price, cannot afterwards recover back any of the purchase money because of such deficiency.

2. BILLS AND NOTES—*Provision for Payment of Attorney's Fees—Penalty.*—An agreement in a note to pay attorney's fees for collection is a penalty and not enforceable.

Appeal from a decree of the Circuit Court of Washington. county in favor of the complainant. Defendant appeals.

*Affirmed.*

The opinion states the case.

*John J. Stuart,* for appellant.

*L. T. Cosby* and *White & Penn,* for appellee.

HARRISON, J., delivered the opinion of the court.

In 1895 the appellee, Mary Fields, a resident of Texas, sold and conveyed to the appellant, William Fields, a resident of Virginia, a tract of land owned by her in Virginia, valued:

at $3,000. This purchase money was settled by a sale to appellee of certain property owned by the appellant in Texas, valued at $2,000, the difference, $1,000, being covered by a note given by the appellant and secured by vendor's lien on the Virginia land. In May, 1897, appellant sold the Virginia tract of land to James E. Gardner, who executed to the vendor two notes of $600 each, in part payment.

The bill in this case was filed by Mary Fields, the appellee, to enforce the payment of the $1,000 purchase money note due to her from the appellant. The answer and cross bill filed by the appellant sets up, among other defenses, that there was a deficiency in acreage, for which he is entitled to an abatement of his purchase money. The Circuit Court held the sale to be in gross, and appellant not entitled to the relief asked.

The only assignment of error made in the petition for appeal is the refusal of the Circuit Court to decree appellant a proper sum for shortage in the acreage of the land in controversy.

The facts and circumstances disclosed by the record all point to the conclusion that the sale was in gross, and not by the acre, but, in our view, it is not necessary to decide that question.

In May, 1897, when the land was sold to Gardner by the acre, appellant had it surveyed and claims that this survey showed a deficiency of thirty-one acres. Notwithstanding the knowledge thus acquired of the alleged deficiency, appellant made no claim or demand for any abatement of the purchase money due by him to the appellee. On the contrary, after full knowledge of the alleged deficiency, he made, by letter and otherwise, repeated promises to pay to appellee the note for $1,000 held by her, and on March 15, 1899, very shortly after the institution of this suit, and nearly two years after his knowledge of the facts, he, through an agent, placed in the hands of counsel for appellee the two Gardner notes, already mentioned, of $600

each, with instructions that they be collected and the proceeds applied to the payment of the $1,000 note and interest due to appellee. The record shows that within six months these Gardner notes were collected and the proceeds applied, as directed, to the satisfaction in full of the purchase money note and interest due to appellee.

The contention of appellant now is that there should be a decree in his favor compelling appellee to pay back to him the value of an alleged shortage in acreage, which, if existing at all, was well known to him two years before he voluntarily paid in full the balance of purchase money due to appellee, without any claim whatsoever that he was entitled to an abatement. If appellant had paid his debt to appellee under a mistake as to the law, it would furnish no ground for the contention that he can now recover back what he has voluntarily paid.

In *Mayor of Richmond* v. *Judah,* 5 Leigh 305, which was an action to recover back money paid under an alleged mistake, Carr, J., referring to one of the questions presented in the case, says: "It is substantially this: Can a party who has voluntarily paid money with a full knowledge of all the facts, but under a mistake as to the law, recover it back by an action for money had and received for his use? I hold that he cannot; and if a multitude of adjudged cases can settle a point, I think there are few better settled in the law."

In the same case, at page 320, Tucker, P., says: "Where a party has sued for his demand, and the defendant, instead of contesting it, pays it, he cannot recover back what he has paid, however clear it may be that the payment had been made under a mistaken sense of obligation." This learned judge further says: "The truth is there is an absolute necessity for some rule by which to determine what is to be considered as settling, closing and forever putting to rest transactions between parties.

. . . It is for the peace and happiness of society that the law declares that no man who has made a voluntary payment shall be permitted to allege it was made under a mistake of law, since it is so easy to affirm, and so difficult to disprove such ignorance. It is better that, here and there, an individual should suffer from the rare occurrence of his paying what he was not bound to pay than that we should, at one blow, annihilate all finality in the transactions of business. Men's affairs, instead of being settled by payments, would still be left open and unsettled. The payer would not be bound by his payment, nor the creditor by his release; for, *pari ratione,* he, too, must be entitled to the benefit of this noxious principle of unraveling transactions, whenever he can show that he has mistaken his obligations. And thus it would happen that the payment of money would soon become the parent of a suit, and the settlement of an account the harbinger of litigation." Pages 321-2.

Under Rule IX appellee assigns as error the action of the Circuit Court in relieving appellant from the payment of the attorney's fee provided for in the purchase money note.

The $1,000 note given by appellant for the balance of purchase money due to appellee provides that appellant should pay "ten *per centum* attorney's fees in case of collection by suit."

This court has held that an agreement in a note to pay attorney's fees for collection is a penalty and not enforceable. *Rixey, trustee,* v. *Pearre Bros. & Co.,* 89 Va. 113, 15 S. E. 498.

For these reasons we are of opinion that there is no error in the decree appealed from, and it must be affirmed.

*Affirmed.*