R. S. OGLESBY CO. & OTHERS V. BANK OF NEW YORK.

March 13, 1913.

Absent, Keith, P., and Cardwell, J.

1. BILLS AND NOTES—*Conflict of Laws—Attorney's Fees for Collection.*
A negotiable note made in Virginia but payable in New York,
and discounted there, is a New York contract, and its validity,
when sued on in this State, is to be determined by the laws of
New York. A clause in such a note providing for the payment
of a fee of ten *per cent.* for collection by an attorney is, like the
provisions for the payment of interest and exchange, a mere
incident of the principal contract, and to be governed by the
same law, although payment is sought to be enforced in Virginia.

2. BILLS AND NOTES—*Attorney's Fees for Collection—Validity of Agree-
ment.*—The stipulation in a negotiable note for the payment of
a fee of ten *per cent.* for the collection by an attorney is valid
under the laws of New York and not contrary to the public
policy of this State, and will be enforced in this State when an
action is brought in the courts of this State on a New York
contract containing such a stipulation.

3. EVIDENCE—*Foreign Laws—How Proved—Secondary Evidence.*—The
doctrine of primary and secondary evidence does not apply to
the proof of foreign laws. A foreign law, whether written or
unwritten, may be proved by a person who is learned in that
law, without laying any foundation for the introduction of sec-
ondary evidence. What is sought to be proved is what the law
is, not merely what the written law states.

4. BILLS AND NOTES—*Attorney's Fees—Penalties—Negotiable Instru-
ments Act.*—While former cases in this State have held that an
agreement in a note to pay attorney's fees for collection was a
penalty and not enforceable, the agreements in those cases were
made before the adoption of the negotiable instruments act per-
mitting such agreements.

Error to a judgment of the Corporation Court of the
city of Lynchburg in a proceeding by way of motion for

a judgment for money. Judgment for the plaintiff. Defendants assign error.

*Affirmed.*

The opinion states the case.

*Harrison & Long,* for the plaintiffs in error.

*Kirkpatrick & Howard* and *Karl T. Frederick,* for defendant in error.

WHITTLE, J., delivered the opinion of the court.

On motion by the defendant in error against the plaintiffs in error on two negotiable notes made by them at Lynchburg, Virginia, payable to themselves or order at the Bank of New York, and endorsed to the bank for a New York loan, the court included in its judgment the stipulated fee of ten *per cent.* for collection by attorney. In that particular the correctness of the judgment is drawn in question by this writ of error.

It is admitted that the notes are New York contracts; but it is contended that the case must be controlled by the law of this State, and that by that law the stipulation to pay an attorney's fee is regarded as a penalty and not enforceable. Again, it is sought to segregate that clause from the main contract and to withdraw it from the influence of the law of New York, on the theory that though the principal sum is payable in New York the attorney's fee is not, and the note having been made in Virginia makes that stipulation a Virginia contract. No authority is cited on the point, and it would seem plain that the provision, like those for the payment of interest and exchange, is a mere incident to the principal contract, and to be governed by the same law.

The case involves the two propositions: Whether or not

the attorney's fee clause in a negotiable note is valid in New York, and if so, whether the Virginia courts will enforce it.

The plaintiff proved that both by the statute and common law of New York the stipulation is valid. Extracts from the negotiable instrument law of New York were introduced, from which it appears that, upon the question at issue, it is substantially the same as the Virginia act. The provision is as follows:

*"Article 3, section 21.—Certainty as to sum; what constitutes.* The sum payable is a sum certain within the meaning of this chapter, although it is to be paid: 1. With interest; or, 2. By stated instalments; or 3. By stated instalments, with a provision that upon default in payment of any instalment or of interest the whole shall become due; or 4. With exchange, whether at a fixed rate or at the current rate; or 5. With costs of collection or an attorney's fee in case payment shall not be made at maturity."

It was also proved by attorneys of high standing in New York that the ten *per cent.* attorney's fee clause was legal and binding upon the maker of a negotiable note both by statute and the unwritten commercial law of the State. Indeed, it is shown that the negotiable instrument law has, in effect, carried into statute the previously existing law.

It is objected, however, that the tendency of the testimony of these witnesses is rather to construe the statute than to prove what the law of New York is.

In reply to a similar suggestion, in *Dickinson* v. *Hoomes,* 8 Gratt. (49 Va.) 353, Moncure, J., says, at p. 409: "But I incline to think that the doctrine of primary and secondary evidence does not apply to the case, and that a foreign law, whether written or unwritten, may be proved by a person who is learned in that law, without laying any foundation for the introduction of secondary evidence. This is

the principle of a late decision of the court of Queen's Bench * * * 55 Eng. C. L. R. 250, 267. As was said by one of the judges in that case, 'the general principle does not seem to apply to the case. What, in truth, is it that we ask the witness? Not to tell us what the written law states; but, generally, what the law is. The question is not as to the language of the written law; for when that language is before us we have no means by which we are to construe it. How many errors might result if a foreign court attempted to collect the law from the language of some of our statutes which declare instruments in particular cases to be null and void to all intents and purposes, while an English lawyer would state that they are good against the grantor, and that the courts have so expounded the statutes! It is no answer to say that other evidence by word of mouth may be added for the purpose of giving the interpretation of the written law. I am merely showing that our courts require, not the actual written words of a foreign law, but the law itself; for which purpose a professional witness is required to expound it."

But whether we accept the conclusion of these legal experts or not, it seems clear to us that by the express terms of the negotiable instrument law of New York, the maker of a negotiable instrument, such as we are considering, engages that he will pay it according to its tenor; that is to say the principal sum, "with all cost of collection, including ten *per cent.* fee if collected by attorney.". Though this particular provision of the statute does not seem to have been construed by the New York courts, the principle has been settled in favor of its validity in analogous cases.

Thus, in the leading case of *Curtis* v. *Van Bergh,* 161 N. Y. 47, 55 N. E. 398, the court laid down the principle that a provision for the payment of $50.00 a day as liquidated damages in case of failure to complete a building according to contract, where the rental was only $5.75 a day,

was not an agreement for a penalty and was valid. To the same effect is the decision of this court in *Crawford* v. *Heatwole,* 110 Va. 358, 66 S. E. 46, 348 R. A. (N. S.) 587.

Two Virginia cases are cited to support the contention that the stipulation in question is a penalty and contrary to the policy of this State, and, therefore, not enforceable, viz.: *Rixey* v. *Pearre Bros. & Co.,* 89 Va. 113, 15 S. E. 498, and *Fields* v. *Fields,* 105 Va. 714, 54 S. E. 888.

It is specially noteworthy that the agreements in both these cases antedated the enactment of the negotiable instrument law in March, 1898. The former case followed, without discussion, a Michigan decision, *Bullock* v. *Taylor,* 39 Mich. 137, 33 Am. St. Rep. 356, and in the latter it is said: "This court has held that an agreement in a note to pay attorney's fees for collection is a penalty and not enforceable." Citing the first-named case.

In *Stratton* v. *Mutual Assurance Society,* 6 Rand. (27 Va.) 28, the court upheld the by-law of a society which declared that members who, by failing to pay, rendered it necessary to coerce payment of premiums by legal proceedings, should indemnify the society for expenses incurred in the employment of collectors by payment of seven and one-half *per cent.* on such premium and interest. It was said that the exaction was neither usury nor a penalty, citing *Greenhow* v. *Buck,* 5 Munf. (19 Va.) 263.

In *Campbell* v. *Shields,* 6 Leigh (33 Va.) 517, a stipulation in a promissory note to pay, in addition to the principal sum, $48 to cover cost of collection on default of payment, if made in good faith and not as a device to evade the statute of usury, was in point of law not usurious; nor was it a penalty against which equity would relieve.

The same doctrine is announced in *Myers* v. *Williams,* 85 Va. 621, 8 N. E. 483.

These authorities answer the suggestion that the "attorney's fee clause" is contrary to the public policy of this

State. The contrary view is also accentuated by the circumstance that the General Assembly has adopted the negotiable instrument law in force in New York and, generally, throughout the United States, Virginia Code, 1904, ch. 133-A.

In a note to that chapter we are told: "This chapter was drawn under the supervision of the State Board of Commissioners for Promoting Uniformity of Legislation in the United States, composed of representatives appointed under legislative authority of the various States."

We shall content ourselves, in conclusion, by calling attention to some of the cases in which this court has maintained the principle that a contract valid at the place of performance should be enforced in Virginia, though a similar contract made and to be performed within the State would not be upheld. *National Mutual Building & Loan Asso.* v. *Ashworth,* 91 Va. 706, 22 N. E. 521; *Nickels* v. *Peoples' Bldg. L. & S. Asso.,* 93 Va. 380, 25 S. E. 8; *Union Central Life Ins. Co.* v. *Pollard,* 94 Va. 146, 152, 26 S. E. 421, 36 L. R. A. 274, 64 Am. St. Rep. 715; *Middle States Loan Co.* v. *Miller,* 104 Va. 464, 467, 51 S. E. 846.

In *Nickels* v. *Peoples' Bldg. L. & S. Asso. supra,* 93 Va. 388, 25 S. E. 11, Keith, P., observes, at p. 388: "While we are, therefore, of opinion that this contract is unwise and improvident; that its operation is harsh and oppressive; yet, so long as foreign corporations are authorized by the States which create them to make such contracts, and are permitted by this State to do business within its borders, the courts have no choice but to enforce them."

We find no error in the judgment complained of, and it must be affirmed.

*Affirmed.*