## 𝔖𝔱𝔞𝔲𝔫𝔱𝔬𝔫.

## COLLEY v. SUMMERS PARROTT HARDWARE CO.

### September 11, 1916.

1. PLEADING—*Motion for Judgment—Procedure Against Persons Jointly Bound on Negotiable Paper.*—Under statute in this state a proceeding by motion for a judgment may be maintained against all, or any one or any intermediate number of those bound on negotiable paper, regardless of whether they are joint makers or endorsers.

2. MOTION FOR JUDGMENT—*Notice—Sufficiency.*—A notice for a judgment which describes a negotiable note as "a promissory note," and which is good as far as it goes and does not prejudice the defendant, is sufficient.

3. MOTION FOR JUDGMENT—*Notice—Sufficiency—Liability of Endorser.*—The notice for a judgment against an endorser of a negotiable note containing a waiver of notice of presentment and dishonor on its face should allege that fact, but the fact being undisputed, an amendment at the bar would have been proper, and the error of omitting it is harmless.

4. BILLS AND NOTES—*Blank Endorsement—Effect—Negotiable Instruments Act.*—By the terms of section 63 of the negotiable instruments act a person who endorses in blank a negotiable note, without qualification, though it is still in the hands of the agent of the payee, is deemed to be an endorser.

5. PLEADING—*Inconsistent Positions.*—A party cannot assume successive positions in a suit or series of suits in reference to the same state of facts which are inconsistent with each other and mutually contradictory.

6. BILLS AND NOTES—*Attorney's Fees for Collection—Penalties.*—A stipulation in a negotiable note for the payment of a reasonable attorney's fee if suit be brought thereon is valid and may be enforced. It is neither usury nor a mere penalty. *Rixey* v. *Parre Bros.*, 89 Va. 113, and *Fields* v. *Fields*, 105 Va. 714, on this point overruled.

Error to a judgment of the Circuit Court of Dickenson county in a proceeding by motion for a judgment

for money. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Sutherland & Sutherland,* for the plaintiff in error.

*Skeen & Skeen,* for the defendant in error.

Kelly, J., delivered the opinion of the court.

The judgment under review was obtained by the Summers Parrott Hardware Company against S. J. Colley, Jr., upon a negotiable note endorsed by the latter.

The note was payable "to the order of the Summers Parrott Hardware Co., Dickenson County Bank, Inc., Clintwood, Va.;" provided for a ten *per cent.* attorney's fee in case suit was brought thereon; waived presentment, protest, etc.; was signed "Childress & Taylor per C. C. Childress," and was endorsed by the following persons, in the order named: C. C. Childress, S. J. Colley, Jr., Summers Parrott Hardware Co., J. A. Summers, H. R. Parrott, J. P. Summers.

The first assignment of error complains of the action of the court in refusing to permit the defendant to prove by parol certain extrinsic facts tending to show that his liability, if any, was that of a surety or joint maker, and not that of an endorser in the technical sense. The contention was that the other joint makers, Childress and Taylor, should have been joined as parties defendant. The evidence was immaterial. Plaintiff had the right to sue as it did, regardless of whether defendant was a joint maker, or an endorser. Code, sec. 2853; Burks' Pl. & Pr., p. 52.

The notice described the paper sued on as "a promissory note." The point sought to be made out of a distinction between such a note and one which is negotiable is without merit. It is true that a promissory note does not necessarily possess the quality of negotiability; but the description in the notice was good as far as it went, and its incompleteness in no way affected the defendant to his prejudice.

The second assignment of error (in direct conflict in this respect with the first) points out that the notice refers to defendant as an "endorser, which latter term can only apply to negotiable instruments," and argues that his demurrer to the notice of motion for judgment should have been sustained because it failed to allege notice of presentment and dishonor. The note, in the body of it and on the back, contains a complete waiver of such notice. The pleading should have alleged this fact (*Security Loan & Tr. Co.* v. *Fields*, 110 Va. 827, 67 S. E. 342) but the defect was such as that, in view of the undisputed written waiver, an amendment at bar would have been proper, and the error was entirely harmless.

It is next urged as error that the trial court permitted the note to be introduced in evidence and read to the jury, the objections, based on an alleged variance, being (1) that the note was described in the declaration as a promissory note, (2) that it shows on its face that the Dickenson County Bank, Inc., was a joint payee with the plaintiff, and neither endorsed the note nor became a co-plaintiff in the motion, and (3) that when the defendant endorsed the note it was still in the hands of an agent for the payee, who had not yet endorsed it (a conceded fact), and that, therefore, the defendant was improperly described as an endorser.

The first objection has already been disposed of; the second answers itself upon an inspection of the note, which manifestly intended to designate the Dickenson County Bank as the place of payment; and the third is met by the provisions of section 2841-a, sub-section 63, of the Code, by virtue of which the presence of defendant's name on the back of the note, as it here appears, classes him as an endorser, he having failed to indicate "by appropriate words his intention to be bound in some other capacity."

The defendant offered to prove that he endorsed the note for the accommodation of the payee, after Childress and Taylor had signed it, and without their request or knowledge; the contention being that the endorsement was without consideration. There was no error in excluding this evidence. It is conceded that the note was given for a pre-existing debt due from Childress and Taylor to the plaintiff. This was a sufficient consideration for the note itself; and this evidence, offered by the defendant, tending to show a failure of consideration was palpably contradictory of his verified plea in the cause averring that he was an original joint contractor with Childress and Taylor.

"A party cannot assume successive positions in the course of a suit or series of suits in reference to the same facts or state of facts, which are inconsistent with each other and mutually contradictory." *C. & O. Ry. Co.* v. *Rison,* 99 Va. 18, 37 S. E. 320.

This brings us to the last assignment of error. The note, as observed at the outset, provides for a "ten *per cent.* attorney's fee" if suit should be brought thereon. The judgment includes this fee, and the case thus presents to this court, for the first time since the enactment of the negotiable instruments law (Acts 1897-8, p. 896, Code, sec. 2841-a) the question of the validity

of such a provision in an instrument governed by the laws of this State. No question arises as to the effect of the provision upon the negotiability of the paper, the statute in terms resolving that previously mooted question in favor of the stipulation. (Code, 2841-a, sub-sec. 2, cl. 5.) As to its validity, the authorities in the various jurisdictions are in conflict, and the same may be said of the decisions in Virginia.

The weight of outside authority sustains the validity of the stipulation. See collation of authorities in *Raleigh County Bank* v. *Poteet*, 74 W. Va. 511, 82 S. E. 332, L. R. A. 1915 B, 928; 1 Dan. Neg. Inst. (6th ed.), secs. 62, 62-a, and notes; 3 R. C. L., p. 894, sec. 82 and note 1.

In *Raleigh County Bank* v. *Poteet, supra*, the majority opinion holds the stipulation void as against public policy, but concedes that, in numbers at least, the weight of authority is opposed to that view. The dissenting opinion by two of the five judges of the West Virginia Supreme Court favors the validity of the provision.

The recent Virginia case of *Oglesby* v. *Bank*, 114 Va. 663, 77 S. E. 468, dealt with a New York contract, but in so doing had to consider whether the stipulation for attorney's fee was so repugnant to the public policy of this State as that its courts would not enforce the same. In the course of the opinion the court said: "Two Virginia cases are cited to support the contention that the stipulation in question is a penalty and contrary to the policy of this State, and, therefore, not enforceable, viz: *Rixey* v. *Pearre Bros. & Co.*, 89 Va. 113, [15 S. E. 498], and *Fields* v. *Fields*, 105 Va. 714, [54 S. E. 888].

"It is especially noteworthy that the agreements in both these cases ante-dated the enactment of the ne-

gotiable instrument law in March, 1898. The former case followed, without discussion, a Michigan decision, *Bullock* v. *Taylor*, 39 Mich. 137, [33 Am. Rep. 356]; and in the latter it is said: 'This court has held that an agreement in a note to pay attorney's fees for collection is a penalty and not enforceable." Citing the first-named case.

"In *Stratton* v. *Mutual Assurance Society*, 6 Rand. (27 Va.) 28, the court upheld the by-law of a society which declared that members who, by failing to pay, rendered it necessary to coerce payment of premiums by legal proceedings, should indemnify the society for expenses incurred in the employment of collectors by payment of seven and one-half *per cent.* on each premium and interest. It was said that the exaction was neither usury nor a penalty, citing *Greenhow* v. *Buck*, 5 Munf. (19 Va.) 263.

"In *Campbell* v. *Shields*, 6 Leigh (33 Va.) 517, a stipulation in a promissory note to pay, in addition to the principal sum, $48, to cover cost of collection on default of payment, if made in good faith and not as a device to evade the statute of usury, was in point of law not usurious; nor was it a penalty against which equity would relieve.

"The same doctrine is announced in *Myers* v. *Williams*, 85 Va. 621, 8 S. E. 483.

"These authorities answer the suggestion that the 'attorney's fee clause' is contrary to the public policy of this State. The contrary view is also accentuated by the circumstance that the General Assembly has adopted the negotiable instrument law in force in New York, and generally throughout the United States. Va. Code, 1904, Ch. 133-A."

It may be conceded that the passage of the negotiable instruments law would not of itself change the law in

States where stipulations for attorneys' fees were held to be contrary to usury laws or to public policy, and, therefore, void. There is reason and there is high authority for this proposition. *Raleigh County Bank* v. *Poteet, supra; Miller* v. *Kyle*, 85 Ohio St. 185, 97 N. E. 372; Crawford's Ann. Neg. Instr. Law (1916), p. 16; 10 Va. Law Reg., p. 461; Id. 11, p. 241.

We are of opinion, however, that at the time this law was passed in Virginia the question could not be regarded as a settled one, in view of the fact that *Campbell* v. *Shields, supra,* and other cases announcing a substantially similar doctrine, had not been expressly overruled by the cases of *Rixey* v. *Pearre Bros.* and *Fields* v. *Fields,* These latter cases, it is true, squarely decided at least in one aspect, the question here involved, but did so very briefly and rather incidentally, and did not discuss at all the former authorities. In this state of the law, we are of opinion, as indicated in *Oglesby* v. *Bank,* that the purpose and policy of the negotiable instruments law should not be wholly disregarded by us, and, furthermore, that in giving recognition to that purpose and policy we should not be unmindful of the course of decision which already prevails in a majority of the States having substantially the same statutory law upon this subject. Uniformity of interpretation and enforcement is no less important than uniformity of enactment.

In so far as the *Rixey* and *Fields Cases, supra,* hold that stipulations of the character here involved are invalid, they are disapproved and overruled.

We will add that no complaint is made in this case of the amount of the attorney's fee fixed in the note as being in itself unreasonable or unconscionable. Where this question has arisen in other jurisdictions, the courts do not appear to have had any difficulty in

settling it upon just principles.  *Bank* v. *Wood*, 125 Tenn. 6, 140 S. W. 31; Ann. Cases, note p. 1372.

There was no error in the judgment complained of, and it must be affirmed.

*Affirmed.*

Note.—Since the foregoing opinion was prepared there has appeared in the Virginia Law Register (Vol. 2, N. S., p. 321) a discussion of the validity of a clause providing for attorney's fees in negotiable notes, which those who may desire to pursue the subject further will find interesting and instructive.