# Wytheville

PARKSLEY NATIONAL BANK, ET AL. V. ACCOMAC BANKING
COMPANY, INC.

June 11, 1936.

Present, Holt, Hudgins, Gregory, Chinn and Eggleston, JJ.

The opinion states the case.

*J. Brooks Mapp* and *Herbert Barnes,* for the appellants.

*B. Drummond Ayres,* for the appellee.

HOLT, J., delivered the opinion of the court.

Under review is a claim for counsel fees on notes turned over to the plaintiff for collection.

In December, 1931, the Accomac Banking Company, Incorporated, of Parksley, Virginia, found itself in serious financial difficulty. An appeal for aid of the Parksley National Bank of the same town was made. In response the Parksley National Bank agreed to lend to the Accomac Banking Company $25,000 and did lend to it that sum, taking as evidence thereof two notes, one of date December 18, 1931, for $13,000, due on demand, and another of date December 19, 1931, for $12,000, due on demand. Each of these notes contained this provision:

"If default be made in the payment of this obligation, we, the makers and endorsers, hereby agree to pay ten per centum additional as attorney's fee and we hereby constitute our attorney in fact for the purpose of, and hereby authorize said attorney, in the event of such default, to confess judgment against us in the clerk's office of the Circuit Court of ........... County, Virginia, in favor of the holder of this note, for the amount then due thereon and the costs including the attorney's fees herein provided for. This note is given for money lent."

As collateral security the borrower turned over to the lender twenty-six notes whose face value aggregated $51,460.

Efforts to keep afloat were without avail, and the Accomac Banking Company suspended business on December 21, 1931. The State Corporation Commission of Virginia, through its Department of Banking, took charge and continued in control until February 4, 1932, when upon its application the Metompkin Bank and Trust Company was appointed receiver. It duly qualified.

The Parksley National Bank placed its two notes, collateral attached, in the hands of G. Walter Mapp, with the understanding that he was to be paid for collection the fee in them named. This work Mr. Mapp immediately undertook and prosecuted with vigor.

On February 6, 1935, the receiver filed a petition. It set out the original indebtedness and said that the face value of its collateral security was $52,893.43, that this indebtedness as of November 15, 1934, through collections made by the Parksley National Bank had been reduced to $8,928.75, and that there was still on hand outstanding collateral whose face value was $34,118.43, appraised at $14,397.80. This collateral the Parksley National Bank was threatening to sell. The receiver thought that such a sale would be hurtful in that there was still a considerable equity therein estimated at $5,469.05, which might be lost to creditors of the Accomac Bank. It asked permission to pay the balance due and take over collateral uncollected. It was also of opinion that ten per cent was an excessive attorney's fee and so charged.

Answers were filed by Mr. Mapp and by the Parksley National Bank. Evidence was taken and on February 6, 1935, the prayer of the petition was granted. At that date because of further collection, the $25,000 debt had been reduced to $7,125.55, and this sum the receiver was directed to pay. The trial court further was of opinion that a $2,500 counsel fee was excessive, and reduced it to $1,250 —that is to say, it reduced this fee from ten per cent to five per cent—hence this appeal.

Many cases sustain the validity of stipulations on notes for specified compensation to attorneys without discussing the reasonableness thereof. A list of them appears in a footnote to *Citizens Nat. Bank of Orange, Va.* v. *Waugh,* (C. C. A.), 78 F. (2d) 325, 100 A. L. R. 939. Others hold them to be void. They are in the minority but represent the views favored by courts of high standing. A list of them will be found in *Colley* v. *Summers Parrott Hardware Co.,* 119 Va. 439, 89 S. E. 906, Ann. Cas. 1917D, 375.

In *Rixey, Trustee* v. *Pearre Bros. & Co.,* 89 Va. 113, 15 S. E. 498, we adopted the minority rule and held such a provision to be in the nature of a penalty or forfeiture and unenforceable. That case was followed in *Fields* v. *Fields,* 105 Va. 714, 54 S. E. 888.

In *R. S. Oglesby Co.* v. *Bank of New York,* 114 Va. 663, 77 S. E. 468, the court was called upon to construe a New York contract, and held that since it was valid in New York it was valid in Virginia, citing *Stratton* v. *Mutual Assurance Society,* 6 Rand. (27 Va.) 22, 28; *Campbell* v. *Shields,* 6 Leigh (33 Va.) 517; *Myers* v. *Williams,* 85 Va. 621, 8 S. E. 483, and suggested that the rule stated in the *Rixey Case* might be affected by the adoption of the negotiable instrument law.

In *Colley* v. *Summers Parrott Hardware Co.,* 119 Va. 439, 89 S. E. 906, Ann. Cas. 1917D, 375, the *Rixey* and *Fields Cases* were definitely overruled. Such a provision in Virginia is now held to be not against public policy, not a penalty, not a forfeiture, and not usurious. *Triplett* v. *Second National Bank,* 121 Va. 189, 92 S. E. 897; *Cox* v. *Hagan,* 125 Va. 656, 100 S. E. 666; *Atkinson* v. *Neblett,* 144 Va. 220, 132 S. E. 326; *Conway* v. *American National Bank,* 146 Va. 357, 131 S. E. 803; *University of Richmond* v. *Stone,* 148 Va. 686, 139 S. E. 257; *Dermott* v. *Carter,* 151 Va. 81, 144 S. E. 602, and *Citizens Nat. Bank of Orange* v. *Waugh, supra.*

In *Conway* v. *American National Bank,* 146 Va. 357, 131 S. E. 803, 805, Judge Christian said:

"Upon the failure of the defendant to pay the notes, and the plaintiff had to place them in the hands of its attorney for collection, it was *prima facie* entitled to recover according to the terms thereof ten per cent attorney's fee, provided it cost that amount, but the burden was on the defendant to prove that it did not incur that amount of expense or that the fee agreed upon in the notes was excessive or unreasonable."

In *Dermott* v. *Carter, supra,* under review was provision for fifteen per cent. The court allowed seven and one-half, and said that this was a matter within the sound discretion of the trial judge. In *Citizens Nat. Bank of Orange* v. *Waugh, supra,* it was said that the stipulated fee should be paid unless it was obviously excessive.

Banks before they collapse are apt to realize upon their

assets of the first class. What is usually left may be described as chips and whetstones. Most collections after failure are more difficult than they would have been before. Creditors are no longer moved by the possibility of future accommodations, while past indulgences are apt to be forgotten. This is the situation which plaintiff had to face.

Before the decree of February 6, 1935, creditors prodded by Mr. Mapp had paid directly to the Parksley National Bank $3,060. Other collections were difficult. Endless conferences and independent litigation was necessary. We shall not undertake in detail to state its ramification, but shall content ourselves with saying that upon a careful examination of the record and upon mature consideration we are of opinion that the allowance made is inadequate. It is easy to be generous at the expense of others and courts are to be commended for their caution. With these considerations before us we are nevertheless of opinion that ten pen cent of $17,874.45, the amount actually collected and directly through the efforts of counsel, is not obviously excessive. That *prima facie* presumption spoken of in *Conway* v. *American National Bank, supra,* has not been overborne.

The amount of $7,125.55 was still due. Efforts to realize from collateral still on hand had been unavailable. Sale of it as a whole and at public auction was threatening. It was to conserve the equity therein that payment by the receiver was permitted. Against it we think a fee of five per cent should be assessed.

To the extent indicated, the decree appealed from should be modified and affirmed. It is so ordered.

*Modified and affirmed.*