## CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia, ex rel.
State Education Assistance Authority

    v.

Wayne A. Outlaw

October 16, 1987

Case No. LL 171-3

By JUDGE ROBERT L. HARRIS, SR.

This case was first heard on January 27, 1987, in the General District Court of the City of Richmond. This case involves a promissory note signed by the defendant on February 25, 1985, as part of his application for a Virginia Guaranteed Student Loan. According to the terms of the note, defendant was to begin repayment of said note nine months after graduation from college or failure to carry at least a half time course load, whichever occurred first. The note contained a provision for 9% interest and attorneys' fees of 30% should the note be referred to an attorney for collection. The principal amount of the note was $2,500.00.

The defendant failed to pay the note when it became due. The note was eventually declared to be in default and was presented to the State Education Assistance Authority (SEAA), which, pursuant to the agreement then in force, paid the lender in full. After the SEAA's collection attempts failed, the promissory note was referred to the Office of the Attorney General for collection. Attempts to set up a reasonable repayment plan were unsuccessful, and plaintiff filed a warrant in debt in the General District Court.

Defendant failed to appear and the General District Court gave judgment for the principal and interest provided in the note but *sua sponte* reduced the attorneys' fees from the contracted for 30% to 25%. The General District Court ruled that although a provision in a note for payment of attorneys' fees is a valid, binding and enforceable contract, such fee is subject to the power of the court to reduce the amount if unreasonable. *University of Richmond v. Stone*, 148 Va. 686, 691 (1927). The court ruled that in a case such as this, 30% attorneys' fees is unreasonable unless the Attorney General can prove collection costs in that amount.

Plaintiff appealed this reduction of attorneys' fees to this court, and oral argument was heard on August 17, 1987, when the case was taken under advisement.

The issue in this case is whether a court may *sua sponte* reduce attorneys' fees from a contracted for 30% to 25% where the defendant does not appear to contest the action or present any evidence as to why the contracted for amount is excessive and unreasonable.

The validity of a stipulated attorney's fee in a contract has been settled since the case of *Colley v. Summers Parrott Hardware Co.*, 119 Va. 439, 89 S.E. 906 (1916), where the court ruled that the amount specified in the contract, unless unreasonable or unconscionable, is the measure of recovery in the absence of other evidence. Also, in *Conway v. American National Bank*, 146 Va. 357 (1926), collection fees were presumed *prima facie* reasonable, and the court held that the defendant had the burden of proving that the collection fee agreed upon was excessive or unreasonable or that the attorney did not incur that amount of expense. *Conway* at 364.

Further, in *Schwab v. Norris*, 217 Va. 582 (1977), Norris executed a promissory note in 1971 payable to Schwab and another, which provided for 18% attorneys' fees should collection ensue. The trial court rejected the stipulated fee and awarded only 10% in attorneys' fees. The noteholders appealed and the Supreme Court of Virginia, in reversing the trial court's action stated:

> Neither do we find authority for the action of the court in reducing to 10% the agreed 18% attorney's fee provided in the note for

collection if not paid at maturity. There was no allegation or evidence of mistake, fraud, misrepresentation or overreaching, and we do not find that the fee agreed upon in the note was unreasonable. *Schwab* at 586.

However, even though the burden appears to be on the defendant to prove unreasonableness, there is authority to the effect that the court can inquire into the reasonableness of contracted for attorneys' fees. In *Grand Piano v. Lewis*, 179 Va. 281 (1942), the court held that contracted for attorney fees are only *prima facie* reasonable and are valid to the extent that the amount stipulated is reasonable.

Therefore, it appears that unless there is some evidence of unreasonableness or fraud, the amount contracted for should be upheld. In the recent Richmond Circuit Court case of *Chippenham Hospital v. LeGrand*, LK-1587-4 (decided April 7, 1987), the issue of reasonable attorneys' fees was contested by the debtor and after the evidence was presented, the court reduced the attorneys' fees. However, the case at bar differs in that this case involves a default judgment situation where the defendant failed to appear in court or contest the reasonableness of the attorneys' fees. Thus, it is the opinion of this court that in a case such as the one at bar, 30% is not an unreasonable collection fee.

Many students, after obtaining student loans and completing their educations, leave the jurisdiction without advising the loan authorities of their new location and in general make collection efforts difficult. Even when a judgment is obtained, many times it is difficult to realize any satisfaction on the judgment.

Therefore, thirty percent is not of itself sufficient to cause the court to conclude that there has been "overreaching" on the part of the plaintiff.

If the defendant had appeared and challenged the 30% contracted for amount, it would have been necessary for the court to find from the evidence that there was a mistake, fraud, misrepresentation or overreaching before

it could conclude that the fee agreed upon was unreasonable. As that is not the factual situation before the court, there is no evidentiary basis for the court to reach this conclusion.

Therefore, it is the opinion of this court that the 30% attorneys' fees contracted for between the parties should be upheld.